IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**STEPHEN STRAUSBAUGH**                                                            **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 1:24-cv-00276-LG-RPM**

**USAF**                                                                  **DEFENDANT**

## ORDER OF REMAND

Defendant United States Air Force ("USAF") seeks dismissal of this case for lack of subject matter jurisdiction and for failure to state a claim in its [7] Motion to Dismiss.

## BACKGROUND

Plaintiff Stephen Strausbaugh requested an AF Form 1613 Statement of Service[1] from the USAF. The USAF refused because Strausbaugh did not provide a SF50 document. Pursuant to an USAF Form 1613, Statement of Service Total Force Personnel Services Delivery Guide ("PSD Guide Form 1613"), USAF alleges Strausbaugh must provide an SF50 to comply with Air Force procedure. Strausbaugh filed this lawsuit pro se in the Circuit Court of Pearl River County, Mississippi, on August 2, 2024. He alleges that USAF violated his rights under 5 U.S.C. § 8332 because USAF refused to provide the AF Form 1613 Statement of Service.[2] Strausbaugh argues that he cannot access the SF50. In the alternative,

---

[1] AF Form 1613 is a document accepted for computing earnings for military service.
[2] Strausbaugh in his Complaint referred to the Omnibus Budget Reconciliation Act of 1982, Pub. L. No. 97-253, but relies on the current statute in his Response. *See*

he alleges that the PSD Guide Form 1613 is not binding authority, and it does not rely on binding authority. He requests that the Court compel the USAF to provide the AF Form 1613 and that he recover $200 in legal fees.

USAF removed the claim on September 6, 2024, on the basis of 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1343. USAF then filed a Rule 12(b)(1) [7] Motion to Dismiss, arguing that Strausbaugh failed demonstrate subject matter jurisdiction and that he failed to state a claim under Rule 12(b)(6). The parties have fully briefed the issues after the Court ordered supplemental briefing.[3]

## DISCUSSION

Strausbaugh claims USAF violated his rights under 5 U.S.C. § 8332. The statute is a part of the Civil Service Retirement Act ("Retirement Act"), and the Office of Personnel Management ("OPM") administers the Retirement Act. *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 773 (1985). Pursuant to the Retirement Act "[t]he [OPM] shall adjudicate all claims under this subchapter." 5 U.S.C. § 8347(b). Once the OPM reaches a final decision, a plaintiff may appeal to the Merit Systems Protection Board ("MSPB"). 5 U.S.C. § 8347(d)(1). If the plaintiff decides to appeal the MSPB decision, then "[t]he United States Court of Appeals for the Federal Circuit has exclusive jurisdiction of such an appeal." *Dunworth v. Guardia*, 24 F.3d 239, 1994 WL 243299, at *1 (5th Cir. 1994).

---

Def.'s Resp. [10] at 3. As a public employee and veteran, Strausbaugh is entitled to "buy back" his creditable military service. *See* 5 U.S.C. § 8332(c).
[3] Additionally, Strausbaugh filed a [19] Response to USAF's [18] Response.

2

Courts have consistently found that the OPM has exclusive jurisdiction over Retirement Act claims.[4] "A series of opinions from the Supreme Court . . . make clear that these remedial provisions are exclusive, and may not be supplemented by the recognition of additional rights to judicial review having their sources outside the CSRA." *Fornaro v. James*, 416 F.3d 63, 66 (D.C. Cir. 2005). Thus, the CSRA is a "jurisdictional prerequisite to suit." *deLeon v. Wilkie*, No. 19-1250 (JEB), 2020 WL 210089, at *3 (D.D.C. Jan. 14, 2020) (quoting *Weaver v. U.S. Info. Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996)). "Put otherwise, [Plaintiff] must first exhaust his administrative remedies." *Id.*

"It is well established that federal courts have a continuing duty to investigate whether [subject matter] jurisdiction is proper in a case, even if the parties themselves do not raise the issue." *Coleman v. Alcolac, Inc.*, 888 F. Supp. 1388, 1394 (S.D. Tex. 1995) (citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the

---

[4] *See Martin v. Off. of Pers. Mgmt.*, No. 23-1230, 2024 WL 5183254, at *2 (10th Cir. Dec. 24, 2024) ("[C]laims for federal retirement benefits must be pursued first with OPM[.]"); *Rodriguez v. United States*, 852 F.3d 67, 83 (1st Cir. 2017) ("The consequence of this extensive remedial framework is that generally the plaintiff must pursue retirement benefits claims first at OPM[.]"); *Tillman-Conerly v. Off. of Pers. Mgmt.*, No. 23-16120, 2024 WL 4263842, at *1 (9th Cir. Sept. 23, 2024); *see also Fed. L. Enf't Officer Ass'n v. Ahuja*, 62 F.4th 551, 558 (D.C. Cir. 2023) (emphasis added) ("The CSRA's hybrid administrative and judicial regime is the *exclusive process* for challenges" to retirement benefits "thereby displacing district court review."); *Adams v. Dep't of Def.*, 688 F.3d 1330, 1335 (Fed. Cir. 2012) ("OPM is charged with administering claims under" the Retirement Act.); *Lampon-Paz v. Off. of Pers. Mgmt.*, 732 F. App'x 158, 160 (3d Cir. 2018) (citations omitted) ("The CSRA requires the OPM to administer its provisions, adjudicate claims for benefits, and pay all payable claims.").

case shall be remanded." 28 U.S.C. § 1447(c). "[W]hen a district court determines that it lacks subject matter jurisdiction over a removed case, it *must* remand." *Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 447 (5th Cir. 2023); *Lutostanski v. Brown*, 88 F.4th 582, 587–588 (5th Cir. 2023). A court must *sua sponte* remand for a lack of subject matter jurisdiction. *See Coleman*, 888 F. Supp. at 1394.

Significantly, even when a state court is barred from adjudicating the lawsuit and remand is futile, "§ 1447(c) means what it says, admits no exceptions, and requires remand[.]" *Spivey*, 79 F.4th at 448.

## CONCLUSION

Federal courts are courts of limited jurisdiction and have the power to adjudicate claims only when the Constitution or statute confers jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). The administrative process through the OPM is a jurisdictional prerequisite, and this Court lacks subject matter jurisdiction. Therefore, this lawsuit was improperly removed under 28 U.S.C. § 1442(a)(1) and § 1343 and must be remanded.[5]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the case is hereby **REMANDED TO THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI**.

---

[5] § 1442(a) does not "grant[] federal officers and agencies an unfettered right to litigate in federal court." *Thompson v. Army & Air Force Exch. Serv.*, No. 22-cv-2799, 2025 WL 45625, at *4 (7th Cir. Jan. 8, 2025).

**IT IS FURTHER ORDERED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 15th day of January, 2025.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE